# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

SHAVON FUTRELL,

    Plaintiff,

    v.

ANDIA MURPHY,

    Defendant.

Civil Action No. TDC-17-1418

## MEMORANDUM ORDER

Plaintiff Shavon Futrell, who is proceeding *pro se*, has filed this action against Andia Murphy, a federal government employee, seeking an order restraining Murphy from contacting her or going to their mutual workplace. Pending before the Court is the Government's Motion to Dismiss and Futrell's Motion to Reinstate or Reopen Case. Having reviewed the pleadings and briefs, the Court finds that no hearing is necessary to resolve this Motion. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion to Dismiss is granted, and the Motion to Reinstate is denied.

## BACKGROUND

Futrell and Murphy are employees of the United States Postal Service ("USPS") and work at the Arlington South Station in Arlington, Virginia. Futrell is a letter carrier. Murphy is a Customer Service Manager and was Futrell's supervisor at the time of the relevant events.

Futrell and Murphy have had a contentious relationship since at least September 2016, when Futrell requested a light-duty work assignment due to pregnancy complications, and Murphy responded by giving her only three hours of light duty a day and requiring Futrell to use

her leave for the remaining five. On December 8, 2016, Futrell filed an Equal Employment Opportunity ("EEO") complaint with the USPS regarding that incident.

In April 2017, while Futrell was on maternity leave and Murphy was on duty, Futrell called Murphy on Murphy's work cell phone to discuss an error in the records of her leave hours. Murphy responded that she would have someone fix the entries, then ended the call. Moments later, Murphy called Futrell back, told her that the problem would be fixed, and then shouted, "Don't you ever call my m[o]ther fucking cell phone, mother fucker I'm letting you know, now!" Compl. at 3, ECF No. 2. Futrell immediately ended the call, then notified Murphy's supervisor about this behavior.

Several weeks later, on May 15, 2017, Futrell filed a Petition for Peace Order in the District Court for Prince George's County, Maryland. The petition accused Murphy of "threats of violence" and "harassment," and sought a restraining order to stop Murphy from contacting Futrell or from going to Futrell's workplace, which is also Murphy's workplace. Compl. at 1. Futrell was granted an *ex parte* temporary peace order, and a final peace order hearing was set for May 26, 2017. On May 24, 2017, the United States (the "Government"), acting on Murphy's behalf, removed the Petition to this Court pursuant to 28 U.S.C. § 1442(a). *See, e.g., Hendy v. Bello*, 555 F. App'x 224, 225–26 (4th Cir. 2014) (upholding the removal of a petition for a peace order by a postal worker against her supervisor arising from a workplace fracas). On August 1, 2017, the Government filed its Motion to Dismiss.

## DISCUSSION

The Government, on behalf of the USPS and Murphy, is seeking dismissal of Futrell's Petition pursuant to Federal Rule of Civil Procedure 12(b)(1). The Government contends that

her leave for the remaining five. On December 8, 2016, Futrell filed an Equal Employment Opportunity ("EEO") complaint with the USPS regarding that incident.

In April 2017, while Futrell was on maternity leave and Murphy was on duty, Futrell called Murphy on Murphy's work cell phone to discuss an error in the records of her leave hours. Murphy responded that she would have someone fix the entries, then ended the call. Moments later, Murphy called Futrell back, told her that the problem would be fixed, and then shouted, "Don't you ever call my m[o]ther fucking cell phone, mother fucker I'm letting you know, now!" Compl. at 3, ECF No. 2. Futrell immediately ended the call, then notified Murphy's supervisor about this behavior.

Several weeks later, on May 15, 2017, Futrell filed a Petition for Peace Order in the District Court for Prince George's County, Maryland. The petition accused Murphy of "threats of violence" and "harassment," and sought a restraining order to stop Murphy from contacting Futrell or from going to Futrell's workplace, which is also Murphy's workplace. Compl. at 1. Futrell was granted an *ex parte* temporary peace order, and a final peace order hearing was set for May 26, 2017. On May 24, 2017, the United States (the "Government"), acting on Murphy's behalf, removed the Petition to this Court pursuant to 28 U.S.C. § 1442(a). *See, e.g., Hendy v. Bello*, 555 F. App'x 224, 225–26 (4th Cir. 2014) (upholding the removal of a petition for a peace order by a postal worker against her supervisor arising from a workplace fracas). On August 1, 2017, the Government filed its Motion to Dismiss.

## DISCUSSION

The Government, on behalf of the USPS and Murphy, is seeking dismissal of Futrell's Petition pursuant to Federal Rule of Civil Procedure 12(b)(1). The Government contends that

this Court does not have subject matter jurisdiction over the action because sovereign immunity has not been waived.

It is the plaintiff's burden to show that subject matter jurisdiction exists. *Evans v. B.F. Perkins Co., Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999). Rule 12(b)(1) allows a defendant to move for dismissal when it believes that the plaintiff has failed to make that showing. When a defendant asserts that the plaintiff has failed to allege facts sufficient to establish subject matter jurisdiction, the allegations in the complaint are assumed to be true under the same standard as in a Rule 12(b)(6) motion, and "the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). When a defendant asserts that facts outside of the complaint deprive the court of jurisdiction, the Court "may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004); *Kerns*, 585 F.3d at 192. The court should grant a Rule 12(b)(1) motion based on a factual challenge to subject matter jurisdiction "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans*, 166 F.3d at 647 (quoting *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)).

The Government argues that the case must be dismissed on sovereign immunity grounds because Futrell is seeking a peace order against Murphy in response to Murphy's conduct in a federal workplace and to prevent future conduct from Murphy in her role as Futrell's supervisor in a federal agency. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *accord Hendy*, 555 F. App'x at 226 (citing *United States v. McLemore*, 45 U.S. 286, 288 (1846)). Moreover, "officers acting

within their authority generally... receive sovereign immunity" because an action against a government official for using the authority of a government office is actually a "suit against the official's office." *Id.* (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). Here, Futrell has not established that this action should be treated as one against Murphy as an individual as opposed to one against the United States. Indeed, Futrell has not provided any allegations regarding misconduct outside the workplace or outside the supervisor-employee relationship. The Court therefore construes this suit as against the United States.

As a suit against the United States, Futrell's Petition must be dismissed unless she can show that there has been an express waiver of sovereign immunity. Futrell has failed to show that any such waiver exists. For example, the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671–80 (2012), waives immunity for suits seeking monetary damages, but does not waive immunity for injunctive relief such as restraining orders. 28 U.S.C. § 1346(b)(1); *Hendy*, 555 F. App'x at 226. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16 (2012), waives sovereign immunity for employment discrimination "suits brought by federal employees against the United States," but only for actions that are filed in federal court after having been administratively exhausted. *Bullock v. Napolitano*, 666 F.3d 281, 284 (4th Cir. 2012); 42 U.S.C. § 2000e-16(c) (describing the administrative exhaustion requirement). Neither statute applies here.

Federal courts regularly dismiss removed state court petitions for restraining orders or peace orders filed by federal employees when such petitions are based on alleged misconduct in the workplace and seek to restrain the conduct of a co-worker at a federal office. In *Hendy*, for example, the United States Court of Appeals for the Fourth Circuit dismissed on sovereign immunity grounds a petition for a peace order filed in a Maryland state court by a postal worker

who sought to restrain her supervisor from contacting her or going to their workplace. 555 F. App'x at 225, 227. The Court found that Congress had not waived sovereign immunity in such circumstances because "prohibiting a federal employee from entering her federal workplace" would interfere with the "performance of a federal employee's duties" and "disturb the federal agency's internal functions." *Id.* at 266–27.

Judges within this District have likewise dismissed Maryland petitions for peace orders on the same basis. *See, e.g., Perkins v. Dennis*, No. TDC-16-2865, 2017 WL 1194180, *2 (D. Md. Mar. 30, 2017); *Sidler v. Snowden*, No. AW-13-658, 2013 WL 1759579, at *2 (D. Md. Aug. 23, 2013) (dismissing a petition for a peace order by a civilian employee of the United States Air Force that would have barred his co-worker from contacting him at Andrews Air Force Base); *Richards v. Wallace*, No. WDQ-09-2188, 2009 WL 4884524, at *2–3 (D. Md. Dec. 10, 2009) (dismissing a petition for a peace order by a Social Security Administration employee that would have barred her supervisor from contacting her). Thus, because the Petition seeks to restrain Murphy from contacting Futrell at the USPS Arlington South Station based on workplace conduct, it is dismissed on sovereign immunity grounds.

This dismissal does not in any way condone Murphy's alleged mistreatment of Futrell. To the extent that Futrell seeks relief from such misconduct, however, her remedy lies with the federal EEO process that she has already initiated through the filing of a complaint with the U.S. Equal Employment Opportunity Commission.

Because the Court will dismiss the case for lack of subject matter jurisdiction, it will necessarily deny Futrell's Motion to Reinstate or Reopen Case.

## CONCLUSION

For the foregoing reasons, is it hereby ORDERED that:

1. The Motion to Dismiss, ECF No. 15, is GRANTED.

2. The Motion to Reinstate, ECF No. 17, is DENIED.

3. The Clerk is directed to close this case.

Date: February 5, 2018

THEODORE D. CHUANG
United States District Judge